UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RANGA YARALA, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No. 12-cv-11849-IT |
| | * |
| STAR HEALTH AND ALLIED | * |
| INSURANCE COMPANY LIMITED and | * |
| CORIS USA INC., | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

August 5, 2014

TALWANI, D.J.

I.   Background

Plaintiff Ranga Yarala brought this suit against Defendants Star Health and Allied Insurance Company Limited ("Star") and Coris USA, Inc. ("Coris") alleging claims for breach of contract, violation of Massachusetts General Laws chapter 93A, and violation of Massachusetts General Laws chapter 176D. On June 20, 2014, this court held a hearing on Coris's Motion to Remove Entry of Default [#20]. At that hearing, Coris argued for the first time that this court lacked subject matter jurisdiction over this case. Because subject matter jurisdiction is a defense that cannot be waived, Fed. R. Civ. P. 12(h)(3), this court ordered the parties to file additional briefing on the issue. After considering the parties' arguments, this court held in its July 11, 2014 Memorandum and Order [#31] ("Memorandum and Order") that, with the current configuration of parties, it lacked subject matter jurisdiction over this case because the parties were not completely diverse as required by 28 U.S.C. § 1332(a). Memorandum and Order at 5–6. In the Memorandum and Order, the court noted that Federal Rule of Civil Procedure 21 authorizes

district courts to, "at any time, on just terms, add or drop a party." Id. at 6 (quoting Fed. R. Civ. P. 21). Because a district court may drop a "dispensable nondiverse party at any time, even after judgment has been rendered" in order to cure a jurisdictional defect, Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 832 (1989) (emphasis added), and because there has already been a lengthy delay in this case, this court found it worth considering whether dismissal of this action may be avoided by dropping Star as a party, which would cure the jurisdictional defect in this case. Because none of the parties had addressed Rules 19 or 21 in their briefing on subject matter jurisdiction, this court ordered that they file additional briefing on the question whether Star is an indispensable party under Rule 19 and whether this court should exercise its authority under Rule 21. In its briefing, Coris argued that Star was an indispensable party because of its central importance to this action and that Yarala would not be prejudiced if this action were dismissed because he could pursue the instant claims in state court. In response, Yarala emphasized that Coris would not be prejudiced if the court cured the present lack of subject matter jurisdiction by exercising its Rule 21 authority and dropping Star from this case.

After considering the parties' arguments and for the reasons set forth below, Star is hereby DISMISSED as a party to this case under Rule 21 and the pending motion to remove entry of default [#20] is hereby ALLOWED.

II. Facts

In the Memorandum and Order, this court recited the relevant factual background:

> The relevant facts, as alleged in the complaint, are briefly recounted. Yarala is a resident of India. Star is an Indian corporation with its usual place of business in that country. Coris is a Florida corporation with its principal place of business in that state.
> Yarala contends that in August 2010, he entered into a contract for travel insurance with Star. The insurance was to cover Yarala's 180-day trip to the United States and specifically to Boston, Massachusetts. On October 16, 2010, Yarala was walking on a sidewalk in Framingham, Massachusetts when he was

2

struck by a car driven by an individual who is not a party to this suit. Yarala
suffered serious injuries as a result. The day of the accident, Yarala's son Rahul
followed the procedures set forth in the insurance agreement to establish a claim
for travel insurance.

Yarala asserts further that Rahul attempted to contact Star through its
agent Coris by e-mail and telephone numerous times but never received a
response as to whether Star would pay out any of Yarala's benefits. Star did not
provide a denial letter and ceased returning Rahul and Coris's calls. On
November 19, 2010, a Coris Miami employee sent an urgent e-mail to Coris India
seeking acceptance or denial of Yarala's claim. Several weeks later, Coris
informed Rahul that Coris had closed the case and that he should contact Star
directly.

According to Yarala, Star subsequently informed Rahul that the claim had
been referred for a final decision. Yarala did not receive benefits at that time.
Medical bills totaling $191,000 have been submitted to Star and Coris in
compliance with Yarala's insurance policy. On April 28, 2011, Yarala sent Star
and Coris written demands pursuant to Chapter 93A. Star made a late payment of
$71,233.36 around April of 2012. The defendants have not responded to Yarala's
demand letters.

Memorandum and Order at 1–2. Additional facts relevant to the present analysis will be

included in the discussion below.

III. Discussion

A. Dismissal of Non-Diverse Party

"A district court's authority to dismiss a non-diverse party derives from Rule 21;

however, the factors which must be considered in determining whether a non-diverse party is

indispensable are set forth in Fed.R.Civ.P. 19(b)."[1] H.D. Corp. v. Ford Motor Co., 791 F.2d 987,

992 (1st Cir. 1986). These factors are:

> (1) the extent to which a judgment rendered in the person's absence might
> prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by
>     (A) protective provisions in the judgment;
>     (B) shaping the relief; or
>     (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and

---

[1] In relevant part, Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21.

> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). In Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 108–11 (1968),

> [T]he Supreme Court articulated the interests promoted by these four criteria as (1) the interest of the outsider whom it would have been desirable to join; (2) the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability it shares with another; (3) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies; and (4) the plaintiff's interest in having a forum.

H.D. Corp., 791 F.2d at 992.

Moreover, these factors "do not constitute an exhaustive canvass, and a court may take into account other considerations in determining whether or not to proceed without the absentee as long as they are relevant to the question of whether to proceed in equity and good conscience." B. Fernandez & HNOS, Inc. v. Kellogg USA, Inc., 516 F.3d 18, 23 (1st Cir. 2008) (quotation marks and citations omitted). "In the end, the indispensability analysis involves 'the balancing of competing interests' and 'must be steeped in pragmatic considerations.'" Id. (quoting In re Olympic Mills Corp., 477 F.3d 1, 9 (1st Cir. 2007)).

Applying these criteria, this court finds that use of its Rule 21 authority to drop Star from this case is justified and proper. First, Star has failed to appear before this court during the pendency of the present action, which was initiated by Yarala in October 2012. Under the first factor, this court therefore finds no potential prejudice to Star that may result from dismissing it from this action, as Star clearly has no interest in joining the present litigation. To the extent Coris may be prejudiced in defending the claims in this action without Star, the court notes that Yarala was unable to effect service of process on Star in a similar action brought by Yarala in Massachusetts state court. See Yarala v. Coan, No. SUCV2011-03717 (Mass. Dist. Ct. filed Oct.

13, 2011) (Suffolk Cnty.). Based on Yarala's inability to haul Star into either state or federal court in Massachusetts, if Yarala wants to proceed against Star, it is likely that he will have to proceed against it in India while prosecuting his claims against Coris in the United States. It is, therefore, likely that Coris will have to defend itself against these claims absent Star regardless of whether the case proceeds in this court or any other.

In finding little prejudice under the first factor, the court moves past the second factor ("the extent to which any prejudice could be lessened or avoided by [judicial measures]") and considers the adequacy of a judgment rendered in Star's absence. See Fed. R. Civ. P. 19(b)(2)-(3). The interest promoted by this third factor "extends beyond the issue of whether relief could be shaped that would satisfy the parties" and also "encompasses 'the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.'" Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 18 (1st Cir. 2008) (quoting Provident Tradesmens Bank, 390 U.S. at 111). Ideally, the present claims would be litigated and resolved in one proceeding, but because this has proven unlikely, proceeding without Star in this court will not harm this interest.

Lastly, the fourth factor weighs neither for nor against this court's exercise of its Rule 21 authority. If the court chose not to exercise this authority and dismissed this action for lack of subject matter jurisdiction, Yarala would be able to prosecute these exact claims in state court as the statute of limitations for his claims have not expired. However, "[t]his court is attentive to [Plaintiff's] choice of forum," Carden v. Klucznik, No. 10–10541, slip op. at 3 (D. Mass. Mar. 31, 2011), and "the bare fact that a state court forum is available does not, by itself, make it appropriate to dismiss the federal action," Samaha v. Presbyterian Hosp. in N.Y., 757 F.2d 529, 531 (2d Cir.1985).

In sum, after considering the Rule 19(b) factors, the court finds that the interests weigh toward finding that Star is not an indispensable party to this action. Under Rule 21, this court finds it proper to dismiss Star from this action, which cures the previous jurisdictional defect caused by Star's foreign citizenship. See Memorandum and Order at 5–7.

B.  Removal of Entry of Default

Yarala filed his complaint on October 3, 2012. Approximately six months later, Yarala filed a motion for entry of default against Coris, which had failed to appear before the court. This court entered default against Coris on May 2, 2013. On March 13, 2014, Yarala filed a motion for default judgment against both defendants, which remains pending, and requested a damages assessment hearing. On April 30, 2014, Coris filed its first appearance in this matter and a motion to remove the entry of default. Although Coris failed to establish that its failure to answer was excusable, because this court lacked subject matter jurisdiction over this case at the time it granted Yarala's motion for entry of default on May 2, 2013, this court ALLOWS Coris's pending motion to remove entry of default [#20].

IV.  Conclusion

For the foregoing reasons, Star is hereby DISMISSED as a party to this case and the pending motion to remove entry of default [#20] is hereby ALLOWED.

IT IS SO ORDERED.


Date: August 5, 2014                                            /s/ Indira Talwani
                                                                              United States District Judge